**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

Allison A. Knapp                              )          Civil Action No. 2:19-cv-1969-RMG
                                             )
                    Plaintiff,               )
                                             )
v.                                           )          **ORDER AND OPINION**
                                             )
Hartford Insurance Company of the            )
Midwest, and Pinnacle Bank,                  )
                                             )
                    Defendants.              )
_____      )

Before the Court is a partial motion to dismiss filed by Hartford Insurance Company of the

Midwest ("Hartford"). (Dkt. No. 12.) Also before the Court is Hartford's motion to strike

Plaintiff's jury demand. (Dkt. Nos. 13, 14.) For the reasons set forth below, the motions are

granted.

## I.    **Background**

Hartford issued a flood insurance policy to Allison A. Knapp ("Plaintiff") for her home

located at 17 Rebellion Road, Charleston, South Carolina. (Dkt. No. 5 at 4.) Plaintiff alleges her

residence experienced flood damage from a tidal creek that overflowed. (*Id.* at ¶¶ 8–10.) Hartford

sent adjustors and inspectors inspect and assess the damage to Plaintiff's residence. (*Id.* at ¶ 13.)

Plaintiff alleges Hartford originally stated it would pay approximately $253, 998.00 for damages

to her residence and sent Plaintiff a Proof of Loss in that amount. (*Id.* at ¶ 14.) Plaintiff alleges

Hartford subsequently denied that the damage was flood related and sent a second Proof of Loss

for $41,222.89. (*Id.* at ¶¶ 15, 16.)

Plaintiff filed an amended complaint against Hartford and Pinnacle Bank on July 24, 2019.

(Dkt. No. 5.) The amended complaint alleges three causes of action for: (1) breach of contract; (2)

bad faith; and (3) a declaratory judgment. (*Id.*) On August 29, 2019, Hartford filed a 12(b)(6)

partial motion to dismiss Plaintiff's second cause of action for bad faith and claim for damages and attorney's fees. (Dkt. No. 12.) On the same date, Hartford filed a motion to strike Plaintiff's jury demand, followed by an amended motion to strike. (Dkt. Nos. 13; 14.) Plaintiff filed a response in opposition to Hartford's motion to dismiss. (Dkt. No. 16.) Hartford filed a reply. (Dkt. No. 17.)

## II.    Legal Standard

### A.    Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint has "facial plausibility" where the

pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Discussion

### A. Statutory and Regulatory Framework

Hartford participates in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA") of 1968. 42 U.S.C. §§ 4001, *et seq.* FEMA administers the NFIP. *See* 42 U.S.C. § 4011(a). Congress established the NFIP to reduce losses caused by flood damage through a uniform national policy by which flood insurance would be made available on reasonable terms and conditions. *Id.* Premiums collected from policy holders are deposited in the U.S. Treasury. *Id.* at § 4017(d). The policy imposes a $ 250,000.00 cap in coverage for residential properties. *Id.* at § 4013(b)(2).

Within this framework, Hartford serves as a Write-Your-Own insurance carrier ("WYO"), whereby it is allowed to issue flood insurance policies under the government program in its own name. 44 C.F.R. § 62.23. All flood insurance policies issued by WYO carriers under the WYO program must mirror the exact terms and conditions found in 44 C.F.R. Part 61, Appendix A. 44 C.F.R. §§ 61.4(b), 62.23 (c)-(d) (mandating exact terms). The terms and conditions cannot be changed without approval from the Federal Insurance Administrator. *See Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir. 2002). This policy is known as a Standard Flood Insurance Policy ("SFIP"). The SFIP provides:

> "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*), and Federal common law."

44 C.F.R. Pt. 61, App. A(1), Article IX.

The SFIP also sets forth detailed explanations of the extent and conditions of coverage, the exclusions, deductions, adjustments, payments, and limitations on suits arising from flood insurance claims. *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 629 (4th Cir. 2017). WYO carriers "shall arrange for the adjustment, settlement, payment, and defense of all claims arising from policies of flood insurance it issues under the [NFIP], based upon the terms and conditions of the [SFIP]." 44 C.F.R. § 62.23(d). However, the ultimate responsibility for paying all claims and related expenses rests with FEMA. 42 U.S.C. § 4017(a). Payment of claims comes directly out of the U.S. Treasury fund. *Id.* at §§ 4017, 4018. If the funds collected by WYO carriers are not enough to satisfy outstanding claims or refunds, the WYO carriers must draw upon letters of credit from FEMA. 44 C.F.R. Pt. 62, App. A., Art. IV(A).

## B. Hartford's Partial Motion to Dismiss

### 1. Plaintiff's Bad Faith Claim

Hartford moves to dismiss Plaintiff's claims for bad faith; consequential and punitive damages; and attorney's fees. (Dkt. No. 12-1 at 14, 16.) Hartford characterizes the claims as state law extra-contractual claims against a WYO carrier related to the handling of flood insurance claims. (Dkt. No. 12-1 at 14.) It argues such claims are preempted by federal law. (*Id.*) The NFIP allows an insured to institute an action related to the handling of claims in the United States district court for the district in which the injured property is situated. *See* 42 U.S.C. § 4053. The SFIP and the policy at issue provides:

"This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*), and Federal common law."

44 C.F.R. Pt. 61, App. A(1), Article IX; (Dkt. No. 5 at ¶ 6.) Most circuits to have considered the preemption issue have concluded that state law claims against WYO insurance providers are

-4-

preempted by federal law. *Remund v. State Farm Fire & Cas. Co.*, 483 F. App'x 403, 407 (10th Cir. 2012); *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2007); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005) (joining the Second, Third, and Sixth Circuits to hold that state law tort claims arising from claims handling by a WYO carrier are preempted by federal law); *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 949 (6th Cir. 2002); *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 270 (3d Cir. 2004) (holding state law tort claims against an insurer were preempted by federal law because the application of state tort law would "impede Congress's objectives" in enacting the NFIA. Indisputably a central purpose of the Program is to reduce fiscal pressure on federal flood relief efforts.").

The Fourth Circuit has noted that the SFIP mandates "the *exclusive* application of federal law in connection with all claims made under the policy and all disputes relating to the handling of a claim under the policy." *Woodson*, 855 F.3d at 636 (emphasis in original). However, the Fourth Circuit has not yet determined whether state law extra-contractual claims are preempted by federal law. *See Battle*, 288 F.3d at 609 n.20 (declining to address whether state law claims are preempted by federal law); *Woodson*, 855 F.3d at 636 (declining to address whether federal law preempts bad-faith handling liability for WYO companies.)

Plaintiff argues that disputes arising from the handling of a claim under the policy are governed, in part, by federal common law, and therefore she may assert extra-contractual claims against Hartford. (Dkt. No. 16 at 3.) Plaintiff asserts that the allegations in the complaint sufficiently trace the elements of a breach of contract claim and that "Hartford breached its duty of good faith and fair dealing." (*Id.* at 3.) Plaintiff argues *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir. 2002), left the door open as to whether a bad faith claim arises out of federal common law. (*Id.* at 5.) In *Battle*, the Plaintiff brought claims for breach of contract, breach of the

implied covenant of good faith and fair dealing, and conversion against a WYO carrier. *Battle*, 288 F.3d at 602. The Fourth Circuit vacated the district court's remand of those claims to state court and remanded the claims to the district court for further proceedings. (*Id.* at 609.) Plaintiff alleged a covenant of good faith and fair dealing existed on the part of the WYO carrier by virtue of his SFIP contract. *Id.* at 609. The court noted "logic dictates that any possible implied covenant of good faith and fair dealing on the part of [a WYO carrier] that may be recognized by the district court on remand would be a contractual covenant implied by federal common law, and thus, a covenant under [Plaintiff's] SFIP." *Id.* at 608. Although the court in *Battle* did not foreclose the recognition of a claim for breach of the covenant of good faith and fair dealing under federal common law, district courts within the Fourth Circuit have since held this claim is not cognizable under the NFIA because it was not created under federal common law. *Boggs v. Imperial Fire & Cas. Ins. Co*., No. 5:17-CV-04239, 2018 WL 3964829, at \*3–4 (S.D.W. Va. Aug. 17, 2018); *Howell v. State Farm Ins. Cos.*, 448 F. Supp. 2d 676, 678–79 (D. Md. 2006).

On the other hand, other circuits have viewed efforts to bring bad faith claims pursuant to federal common law as improper attempts to pursue preempted state law claims. *Psychiatric Solutions, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 652 F. App'x 122, 125 (3d Cir. 2016); *Gunter v. Farmers Ins. Co.*, 736 F.3d 768, 773 (8th Cir. 2013); *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 394–95 (5th Cir. 2007) (finding no evidence that "the reference to 'federal common law' in the SFIP somehow vests policy holders with the right to bring extra-contractual claims against a WYO insurer."). Under South Carolina law, in order to state a claim for bad faith, a Plaintiff must allege: (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair

-6-

dealing arising out of the contract; and (4) causing damage to the insured. *Univ. Med. Assocs. of Med. Univ. of S.C. v. UnumProvident Corp.*, 335 F. Supp. 2d 702, 710 (D.S.C. 2004) (citing *Crossley v. State Farm Mut. Auto Ins. Co.*, 415 S.E. 393, 396 (S.C. 1992)). In the complaint, Plaintiff alleges that Hartford's handling of the SFIP claim and its breach of the contract was "unreasonable and done in bad faith" for "failing to perform a fair and adequate review of the flood event." (Dkt. No. 5 at ¶ 25.) Although Plaintiff's second cause of action is not plead pursuant to state or federal law, a reasonable interpretation of the allegations reveals the complaint traces the elements of a bad faith claim under state law. Considering the weight of persuasive authority specific to the interpretation of the NFIA, the SFIP, and related regulations, the Court finds Plaintiff's bad faith claim is preempted by federal law. *Boggs*, No. 5:17-CV-04239, 2018 WL 3964829, at *3–4 (dismissing bad faith claim as not arising under federal common law); *Monticello Rd., LLC v. Auto-Owners Ins.*, No. CV 3:17-0730-MBS, 2018 WL 3109817, at *3–4 (D.S.C. June 25, 2018) (dismissing Plaintiff's state law claim for bad faith as preempted by federal law.). As such, Hartford's motion to dismiss is granted as to plaintiff's second cause of action.

## 2. Plaintiff's Claim for Damages and Attorney's Fees

In addition, Plaintiff brings claims for consequential and punitive damages, and attorney's fees. The SFIP provides coverage for "direct physical loss by or from flood." 44 C.F.R. Part 61, App. A. (1), Art. III (A). The SFIP excludes coverage for certain categories such as: (a) loss of revenue or profits, (b) loss of access to the insured property, (c) loss of use of the insured property, (d) loss of business interruption, (e) additional living expenses, and (f) any other economic loss you suffer. *Id.* at Art. V(A). Plaintiff's claims for consequential damages and attorney's fees are extra-contractual and the SFIP does not confer a right to assert extra-contractual claims against WYO carriers. *Wright*, 500 F.3d at 395; *Boggs*, No. 5:17-CV-04239, 2018 WL 3964829, at *3–5; *Moffett v. Computer Sciences Corp.*, 457 F. Supp. 2d 571, 588 (D.Md. 2006) (noting the type of

loss insured under the SFIP "does not include the type of economic loss claimed by . . . the rubric of 'consequential damages.'") Plaintiff's remaining breach of contract claim is not sufficient to go to the jury on the issue of punitive damages. *Lister v. NationsBank of Del., N.A.*, 494 S.E.2d 449, 454 (S.C. Ct. App. 1997) ("[M]ere breach of contract, even if willful or with fraudulent purpose, is not sufficient to entitle a plaintiff to go to the jury on the issue of punitive damages.") As such, Hartford's motion to dismiss Plaintiff's claims for consequential and punitive damages, and attorney's fees is granted.

### C. Hartford's Motion to Strike

Hartford seeks to strike Plaintiff's demand for a jury trial. (Dkt. No. 14.) The Plaintiff does not oppose this motion. Jury trials are not applicable in actions for money to be paid by the federal government unless Congress affirmatively grants the right. *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001) (noting that "the federal government, through FEMA, will always foot the full bill" for an SFIP claim); *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012) (holding there is no right to a jury trial in NFIA breach of contract cases). Plaintiff's outstanding breach of contract claim is governed by the NFIA and Plaintiff does not have a right to a jury trial under this framework. As such, Hartford's motion to strike Plaintiff's demand for jury trial is granted.

### IV. Conclusion

For the foregoing reasons, Defendant Hartford Insurance Company's partial motion to dismiss (Dkt. No. 12) is **GRANTED** and Plaintiff's second cause of action is **DISMISSED**. Hartford's motion to strike Plaintiff's jury demand (Dkt. Nos. 13; 14) is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January **3 /**, 2020
Charleston, South Carolina