# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Allison A. Knapp,<br><br>   Plaintiff,<br><br> v.<br><br>Hartford Insurance Company of the Midwest, and Pinnacle Bank,<br><br>   Defendants. | Civil Action No. 2:19-cv-1969-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is Defendant Hartford Insurance Company of the Midwest ("Hartford")'s motion for issuance of order to show cause. (Dkt. Nos. 52, 54). For the reasons set forth below, the Court denies the motion.

## Background

Hartford issued a flood insurance policy to Plaintiff for her home at 7 Rebellion Road, Charleston, South Carolina. (Dkt. No. 5 ¶ 4). Plaintiff alleges her residence experienced flood damage from a tidal creek that overflowed. (*Id.* ¶ 8-10). Hartford sent adjustors and inspectors to inspect and assess the damage to Plaintiff's residence. (*Id.* ¶ 13). Plaintiff alleges Hartford originally stated it would pay approximately $253,998.00 for damages to her residence and sent Plaintiff a Proof of Loss in that amount. (*Id.* ¶ 14). Plaintiff alleges Hartford subsequently denied that the damage was flood related and sent a second Proof of Loss for $41,222.89. (*Id.* ¶ 15, 16).

On July 24, 2019, Plaintiff filed an amended complaint against Hartford and Defendant Pinnacle Bank. (Dkt. No. 5). The amended complaint brought causes of action for: (1) breach of contract; (2) bad faith; and (3) declaratory judgment.

On January 31, 2020, the Court dismissed Plaintiff's second cause of action for bad faith and Plaintiff's request for attorney's fees as preempted by federal law. The Court also struck

1

Plaintiff's jury demand. *See* Order and Opinion, (Dkt. No. 24).

On March 1, 2021, Pinnacle Bank was dismissed from this action. (Dkt. No. 41).

The parties subsequently notified the Court that they had reached a settlement as to Plaintiff's remaining claim for breach of contract. *See* (Dkt. No. 54 at 3).

On September 17, 2021, Hartford filed the instant motion for issuance of order to show cause. (Dkt. No. 52). Hartford explains that it and Plaintiff disagree as to whether JPMorgan Chase Bank, N.A. ("JPMorgan") and First Capital Bank ("FCB")'s names should appear on the settlement check Hartford will issue containing the settlement proceeds. It is undisputed that while both banks are mortgagees of Plaintiff's property, neither was a mortgagee at the time of Plaintiff's alleged loss. Hartford argues that, under federal law, both JPMorgan and FCB's names must appear on the settlement check. Plaintiff disagrees. Hartford asks this Court for issuance of an order to show cause to both JPMorgan and FCB requiring said institutions to show cause why Hartford should not issue the settlement check containing the agreed-upon settlement proceeds for Plaintiff's flood damaged property solely to Plaintiff and her attorney.

On October 6, 2021, the Court directed Hartford to file supplemental briefing explaining its position that both JPMorgan and FCB must appear as payees on the settlement check. (Dkt. No. 53). On October 11, 2021, Hartford filed a memorandum of law with accompanying exhibits to this effect. (Dkt. No. 54).

On October 13, 2021, the Court directed Plaintiff to file a memorandum of law explaining why it disagreed with Hartford's contention that both JPMorgan and FCB's names must appear on the settlement check. (Dkt. No. 55). On October 18, 2021, Plaintiff filed a memorandum of law to that effect. (Dkt. No. 56). Hartford filed a reply. (Dkt. No. 57).

Hartford's motion for issuance of order to show cause is fully briefed and ripe for

2

disposition.

## Legal Standard/Analysis

Hartford participates in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA") of 1968. 42 U.S.C. §§ 4001, *et seq.* FEMA administers the NFIP. *See* 42 U.S.C. § 4011(a). Congress established the NFIP to reduce losses caused by flood damage through a uniform national policy by which flood insurance would be made available on reasonable terms and conditions. *Id.* Premiums collected from policy holders are deposited in the U.S. Treasury. *Id.* at § 4017(d). The policy imposes a $ 250,000.00 cap in coverage for residential properties. *Id.* at § 4013(b)(2).

Within this framework, Hartford serves as a Write-Your-Own insurance carrier ("WYO"), whereby it is allowed to issue flood insurance policies under the government program in its own name. 44 C.F.R. § 62.23. All flood insurance policies issued by WYO carriers under the WYO program must mirror the exact terms and conditions found in 44 C.F.R. Part 61, Appendix A. 44 C.F.R. §§ 61.4(b), 62.23 (c)-(d) (mandating exact terms). The terms and conditions cannot be changed without approval from the Federal Insurance Administrator. *See Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir. 2002). This policy is known as a Standard Flood Insurance Policy ("SFIP").

As mandated by federal law, 44 C.F.R. Pt. 61, App. A(1), § II.A, Plaintiff's SFIP states that:

> In this policy, "you" and "your" refer to the insured(s) shown on the Declarations Page of this policy and your spouse, if a resident of the same household. Insured(s) includes: *Any* mortgagee and loss payee named in the Application and Declarations Page, *as well as* any other mortgagee or loss payee determined to exist at the time of loss in the order of precedence. "We," "us," and "our" refer to the insurer.

(Dkt. No. 54-2 at 4) (emphasis added). The SFIP further states, in its "Mortgage Clause," that

3

"[a]ny loss payable under Coverage A—Building Property will be paid to *any mortgagee of whom we have actual notice, as well as any other mortgagee or loss payee determined to exist at the time of loss, and you, as interests appear*." (*Id.* at 23) (emphasis added); *see also* 44 C.F.R. Pt. 61, App. A(1), § VII.N.

In 2020, Plaintiff refinanced her mortgage with Pinnacle Bank. (Dkt. No. 54 at 5). Around February 1, 2021, service of the mortgage loan was transferred to JPMorgan. (*Id.*); (Dkt. No. 54-9). On July 14, 2021, Plaintiff obtained a home equity line of credit from FCB. (Dkt. No. 54 at 6); (Dkt. No. 54-11). As Hartford notes, and as Plaintiff does not dispute, *see generally* (Dkt. No. 56), both JPMorgan and FCB "essentially . . . exert virtually total control over any insurance proceeds payable to the insured for property damage to the insured premises," (Dkt. No. 54 at 15); (Dkt. No. 54-11 ¶ 21) (FCB mortgage); (Dkt. No. 54-8 ¶ 5) (Pinnacle Bank Mortgage serviced by JPMorgan).[1] While it appears that FCB has waived its interest in the settlement proceeds, (Dkt. No. 54-22) (FCB "holds no interest in [Plaintiff's] insurance claim from the 2017 hurricane that caused damage to her home. We hereby state that we hold no interest in or claim to the insurance proceeds from this event."), JPMorgan has apparently not, (Dkt. No. 54-21) (stating that JPMorgan

---

[1] As to JPMorgan, "In the event of loss, [Plaintiff] shall give prompt notice to the insurance carrier and [JPMorgan]. [JPMorgan] may make proof of loss if not made promptly by [Plaintiff]. Unless [JPMorgan] and [Plaintiff] otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by [JPMorgan], shall be applied to restoration or repair of the [Insured] Property, if the restoration or repair is economically feasible and [JPMorgan's] security is not lessened. During such repair and restoration period, [JPMorgan] shall have the right to hold such insurance proceeds until [JPMorgan] has had an opportunity to inspect such [Insured] Property to ensure the work has been completed to [JPMorgan's] satisfaction, provided that such inspection shall be undertaken promptly. [JPMorgan] may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. . . . . If the restoration or repair is not economically feasible or [JPMorgan's] security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to [Plaintiff]. Such insurance proceeds shall be applied in the order provided for [here]in . . ." As to FCB, "All insurance proceeds will be applied to the repair or the restoration of the Property or to the Secured Debts, at [FCB's] option."

4

"relinquishes and forever releases to [Plaintiff] the right to unclaimed funds held in the name of [Plaintiff] and Pinnacle Bank in the amount of $90,000.00" and that JPMorgan "does not have any objection to allowing [Plaintiff] to receive the full value of the said unclaimed funds if sufficient documentation is presented").

The Court denies Hartford's motion for issuance of an order to show cause. As shown above, the plain language of the SFIP—language dictated by federal law—requires that both mortgagees' names appear on the settlement check regardless of whether either entity waives its interest in the settlement funds or whether either entity was a mortgagee at the time of Plaintiff's loss. *Cf. Page v. Kingsway Amigo Inc. So.*, No. 10-21235-CIV-MOORE/SIMONTON, 2011 WL 13220433, at *2 (S.D. Fla. Mar. 16, 2011) (report and recommendation of magistrate judge recognizing that SFIP's mortgage clause "support[ed] the [WYO carrier's] position that it [wa]s required to make the settlement proceed checks payable to both the [insured] and any other mortgagee listed on the policy"). To the extent, however, that Hartford issues the settlement check, and either JPMorgan or FCB claim an interest in said proceeds, and Plaintiff believes such entity's claim is wrongful, Plaintiff may seek appropriate relief before this Court.

## Conclusion

For the reasons stated above, Hartford's motion for issuance of order to show cause (Dkt. No. 52) is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 21, 2021
Charleston, South Carolina

5